**JUDGE KARAS**

Hon.
Civil Action File No. CV-

**08 CV 0240**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ELAINE CHAO, SECRETARY OF LABOR,　　　　:　　Civil Action
UNITED STATES DEPARTMENT of LABOR,
　　　　　　　　　　　　　　　　　　　　　　:　　File No.
　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　:　　C O M P L A I N T
　　　v.
CABLE LINE LLC,　　　　　　　　　　　　　:
　　　　　　　Defendant.
-----------------------------------------------------------------

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendant violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II

Defendant CABLE LINE LLC at all relevant times had an office and place of business at Saw Mill River Road, Elmsford, New York 10523, within the jurisdiction of this court, where defendant was engaged in the cable installation business.

III

Defendant corporation regulated the employment of all persons it employed, acted directly and indirectly in the corporation's interest in relation to the employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

IV

Defendant employed employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

V

Defendant in many workweeks violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of its employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendant is liable for unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

VI

Defendant violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendant failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendant failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of its employees.

VII

Defendant since May 1, 2004 violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendant providing the following relief:

(1) For an injunction issued pursuant to section 17 of the Act permanently restraining defendant, its officers, agents, employees, and those persons in active concert or participation with defendant, from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For an injunction issued pursuant to section 17 of the Act restraining defendant, its officers, agents, employees, and those persons in active concert or participation with defendant, from withholding the amount of unpaid overtime compensation found due defendant's employees and prejudgment interest computed at

the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

  (3) For an order awarding plaintiff the costs, fees and other expenses of this action; and

  (4) For an order granting such other and further relief as may be necessary and appropriate.

DATED: January 1?, 2008
     New York, New York

*Gregory F. Jacob*
GREGORY F. JACOB
Solicitor of Labor

*Patricia M. Rodenhausen*
PATRICIA M. RODENHAUSEN
Regional Solicitor

*Diane Wade*
DIANE WADE
Counsel for Employment Standards
DW (5788)

U.S. Department of Labor,
 Attorneys for Plaintiff.

4